**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

HECTOR LEBRON,
               Plaintiff,

  vs.                                                     CA 12-688-ML

MICHAEL S. NAYLOR, et al.,

               Defendants.

**MEMORANDUM AND ORDER**

Before the Court is a Complaint (Doc. #1) filed by Plaintiff Hector Lebron, *pro se*, an inmate at the Metropolitan Detention Center in Brooklyn, New York, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d (1971) , and the Federal Tort Claims Act ("FTCA). Plaintiff has also filed an Application to Proceed in District Court without Prepaying Fees or Costs (Doc. #2) ("Application"), Hector Lebron Motion for This Honorable Court to Order the United States Marshal Service, to Serve All Defendants His Civil Complaint Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure (Doc. #3) ("Motion for Service"), and Hector Lebron Motion to Show the Court That His Complaint Is within the Statute of Limitation of Three Years (Doc. #4) ("Motion to Show Timely").

BACKGROUND AND TRAVEL

Plaintiff filed the instant Complaint on September 28, 2012. (See Docket.) The Complaint names as Defendants Michael S. Naylor, Agents Smith, Schiffer, and Jacobson, all employees of the Drug Enforcement Agency ("DEA") (collectively "DEA Defendants");[1] Russell Henry and Raymond Angell III, both employees of the Cranston Police Department (collectively "Cranston

---

[1] In addition, Lebron lists "John Doe 1, et al," and "John Doe 2, et al," in the caption of his Complaint. (Complaint at 1.) They are also described as DEA employees. (See id. ¶ 4.)

Police Defendants"); and the United States. (Complaint ¶ 4.) The DEA Defendants and Cranston Police Defendants are sued in their individual capacities. (Id.)

Plaintiff states that his Complaint "is based on an illegal arrest and illegal search of his apartment and car which purported [sic] to 10 years of illegal incarceration in violation of the Fourth Amendment and the Eighth Amendment of the United States Constitution." (Complaint ¶ 2.) He makes a similar allegation against each of the DEA Defendants and Cranston Police Defendants. (See id. ¶¶ 28-35.) Plaintiff further alleges that the United States is responsible for the violation of his Fourth and Eighth Amendment rights. (Id. ¶ 36.) Plaintiff seeks $ 5 million in punitive damages and $5 million for "illegal incarceration" from each Defendant, including the United States. (See id. ¶¶ 28-36.)

## DISCUSSION

I.  Law

   A.  Screening under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, 28 U.S.C. § 1915(e)(2) directs a court to dismiss a case at any time if the court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).[2] Pursuant to 28 U.S.C. § 1915A, the Court

---

[2] Section 1915(e)(2) provides that:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that- -
   (A) the allegation of poverty is untrue; or
   (B) the action or appeal- -
      (i) is frivolous or malicious;
      (ii) fails to state a claim on which relief may be granted; or
      (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

is required to screen complaints filed by prisoners against a governmental entity, officer, or employee of such entity and dismiss the complaint, or any portion thereof, for reasons identical to those set forth in § 1915(e)(2). See 28 U.S.C. § 1915A.[3]

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is identical to that used when ruling on a Rule 12(b)(6) motion. Chase v. Chafee, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011). To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In making this determination, the Court must accept Plaintiff's well-pled allegations as true, construe them in the light most favorable to him, and give him the benefit of all reasonable inferences. See Greater Providence MRI Ltd. P'Ship v. Med. Imaging Network of S. New England, Inc., 32 F.Supp.2d 491, 493 (D.R.I. 1988). Although the Court must view the pleadings of a *pro se* plaintiff liberally, see Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30

---

[3] Similarly, § 1915A states in relevant part that:

**(a) Screening**.- - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal**.- - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint- -
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

....

28 U.S.C. 28 U.S.C. § 1915A.

L.Ed.2d 652 (1972)), the Court need not credit bald assertions or unsupported conclusions, Iqbal, 556 U.S. at 678.

    B.    Bivens and § 1983

A Bivens claim is the federal analog to 42 U.S.C. § 1983. Davis v. United States, No. 98-557 T, 2000 WL 246277, at *7 (D.R.I. Feb. 15, 2000); see also Hartman v. Moore, 547 U.S. 250, 255 n.2, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006)("[A] Bivens action is the federal analog to suits brought against state officials under ... § 1983."). "The Bivens doctrine allows constitutional claims against federal officials, in their individual capacities for actions taken under color of *federal* law." Barrett v. United States, 462 F.3d 28, 31 n.1 (1st Cir. 2006) (quoting McCloskey v. Mueller, 446 F.3d 262, 271 (1st Cir. 2006)); see also Davis, 2000 WL 246277, at * 7 ("Bivens stands for the general proposition that a plaintiff can maintain a cause of action for money damages under the United States Constitution for any injuries suffered because of a Constitutional violation."). Section 1983 creates a remedy for violations of federal rights committed by persons acting under color of state law. Sanchez v. Pereira-Castillo, 590 F.3d 31, 40 (1st Cir. 2009). Both Bivens and § 1983 actions are subject to a three year statute of limitations.[4]

II.    Complaint

    A.    DEA Defendants and Cranston Police Defendants[5]

It is clear from Plaintiff's Complaint that he is challenging the fact or duration of his

---

[4] A state's personal injury statute of limitations applies in actions brought under 42 U.S.C. § 1983 and Bivens. Girard v. Donald Wyatt Det. Facility, No. 00-194 T, 2001 WL 210473, at *2 (D.R.I. Feb. 5, 2001). Rhode Island's general personal injury statute of limitations is three years. Id. (citing R.I. Gen. Laws § 9-1-14).

[5] As the Cranston Police Defendants are not federal employees, the Court construes Plaintiff's claims against them as arising under § 1983.

confinement, not the conditions of his confinement. (See Complaint ¶¶ 2, 28-35.) In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court stated that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ...." id. at 481 (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)); see also Wilkinson v. Dotson, 544 U.S. 74, 80, 125 S.Ct. 1242, 161 L.Ed.2d 253 ("civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments")(quoting Heck, 512 U.S. at 486); Figueroa v. Rivera, 147 F.3d 77, 81 (1st Cir. 1998)("The exclusive method of challenging an allegedly unconstitutional state conviction in the lower federal courts is by means of a habeas corpus action."); Lopes v. Mayor of Pawtucket, C.A. No. 09-263 ML, 2011 WL 321795, at *4 (D.R.I. Jan. 7, 2011)(noting that plaintiff "may not use this civil rights action as a collateral attack on his state conviction"), as opposed to the conditions of his confinement, Figueroa, 147 F.3d at 82. The Supreme Court in Heck held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983[6] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnotes omitted); see also Thore v. Howe, 466 F.3d 173, 179 (1st Cir. 2006)("In Heck v. Humphrey, the Supreme Court held that where a § 1983 suit for damages would 'necessarily imply' the invalidity of an inmate's conviction, or 'necessarily imply' the invalidity of

---

[6] As noted, Bivens is the federal counterpart to & 1983 actions. Hartman v. Moore, 547 U.S. 250, 255 n.2, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006); see also Davis v. United States, No. 98-557 T, 2000 WL 246277, at *7 (D.R.I. Feb. 15, 2000).

the length of any inmate's sentence, such a claim is not cognizable under § 1983 unless and until the inmate obtains favorable resolution of a challenge to his conviction.")(quoting Heck, 512 U.S. at 487). That is the case here.

It is plain that Plaintiff is attacking the legality of the search warrant and resulting arrest and incarceration, not the conditions of his confinement. (See Complaint ¶ 2.)(stating that his Complaint "is based on an illegal arrest and illegal search of his apartment and car which purported to 10 years of illegal incarceration ..."). Plaintiff has provided no information that his conviction has been favorably challenged and overturned. See Lopes, 2011 WL 321795, at *4 (noting that plaintiff had "fail[ed] to include adequate information regarding the status of the criminal conviction underlying this [c]omplaint"); see also Figueroa, 147 F.3d at 81 (noting Heck's "core holding: that annulment of the underlying conviction is an element of a section 1983 'unconstitutional conviction' claim")(quoting Heck, 512 U.S. at 487). To grant Plaintiff the relief he seeks, punitive and compensatory damages, would "necessarily imply" the illegality of the search, arrest, and ultimate incarceration. Thus, his claims are not cognizable under Bivens or § 1983. See Hughes, 350 F.3d at 1160; see also Baccus v. Florian, C/A No. 9:12-2440-DCN-BM, 2012 WL 4985243, at *2 (D.S.C. Sept. 21, 2012)("Even when considered under this less stringent standard ... the [c]omplaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.").

Moreover, Plaintiff's Complaint is time-barred. As noted previously, a three year statute of limitations applies to Plaintiff's claims in this case. Girard v. Donald Wyatt Det. Facility, No. 00-194 T, 2001 WL 210473, at *2 (D.R.I. Feb. 5, 2001). The events about which Plaintiff

complains occurred in 2005.[7]  Therefore, the statute of limitations would have run in early 2008.

        B.     United States

Plaintiff states that his claim against the United States is "covered under the FTCA Title 28 U.S.C. 2671 to 2680." (Complaint ¶ 4.)

> The United States, as a sovereign, cannot be sued absent an express waiver of its immunity. The FTCA is such a waiver. It permits individuals to sue the government for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.
>   The waiver effected by the FTCA is, however, closely circumscribed by the terms of the statute. [T]o ensure that meritorious claims can be settled more quickly without the need for filing suit and possible expensive and time-consuming litigation, the FTCA includes an administrative exhaustion requirement. ...
>   In short, Plaintiff may not file a tort claim in district court until (i) the agency finally denies the administrative claim, or (ii) six months pass without a final denial of the administrative claim–whichever comes first.

Barrett, 462 F.3d at 36 (first alteration in original)(internal citations and quotation marks omitted). Plaintiff has presented no evidence whatsoever that he has exhausted his administrative remedies with regard to his FTCA claim against the United States. Therefore, the Court lacks jurisdiction over such claim. See Barrett, 462 F.3d at 30 (noting that court lacked jurisdiction to review plaintiff's FTCA claim because plaintiff did not exhaust her administrative remedies); see also id. (stating that court "cannot read the exhaustion requirement out of the FTCA").

Even assuming that Plaintiff has exhausted his administrative remedies, his FTCA claim is untimely. The FTCA contains a two year statute of limitations. See Barrett, 462 F.3d at 31. Section 2401(b) states that:

> A tort claim against the United States shall be forever barred unless it is presented

---

[7] Plaintiff states that the search and arrest occurred on February 16, 2005. This is the only date which he provides in the Complaint.

> in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b); see also Barrett, 462 F.3d at 37 (quoting statute). As previously discussed, Plaintiff's Complaint rests on events which occurred in 2005. Therefore, his FTCA claim against the United States is also time-barred.

III.  Motion to Show Timely

Plaintiff acknowledges the three year statute of limitations for his Bivens and § 1983 claims.[8] (See Motion to Show Timely at 1.) However, he has filed the instant motion in an attempt to bring his Complaint within the three year period. According to Plaintiff, "newly discovered evidence," (id. at 2), if proven and viewed in light of the evidence as a whole, would be sufficient to establish that "no reasonable fact finder would have found [him] guilty of the offence," (id.). He states that he discovered this "evidence" on September 4, 2012. (Id. at 3.)

> The ground of this complaint is based on newly discovered evidence. Plaintiff Hector Lebron has learned that on September 4, 2012, in Rhode Island Superior Court in the case of Michael Patino (case No. P1-10-1155 A). [J]udge Judith Savage blocked prosecutors from using most of their evidence against Michael Patino based on the tsunami of illegal evidence collected by the Cranston Police Department. Judge Judith Savage said Patino "made a preliminary showing that numerous sworn statements made by Cranston Police Officers in a dozen warrants were either deliberately false or made in reckless disregard of the truth." This facts are new evidence for plaintiff and perfect [sic] to show this court, the corruption that has been occurring in the Cranston Police Department and in which plaintiff is a victim of this Department. Officers from Cranston Police Department violated plaintiff's Fourth Amendment Right.

(Id.) Thus, according to Plaintiff, the statute of limitations began to run with the discovery of this

---

[8] Plaintiff does not address the two year statute of limitations for his FTCA claim against the United States.

new evidence. (Id.)

"Under federal law, the statute of limitations on a Bivens claim begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."[9] Barrett, 462 F.3d at 38-39 (quoting Van Tu v. Koster, 364 F.3d 1196, 1199 (10th Cir. 2004)). "While [a] claim does not accrue when a person has a mere hunch, hint, suspicion , or rumor of a claim, conclusive knowledge is not necessary." Id. at 39 (alteration in original)(internal citation omitted). Plaintiff clearly knew of the cause of the alleged injury which is the basis of this action, the "illegal" search, arrest, and incarceration, (Complaint ¶ 2), in 2005.

Moreover, there is nothing to support Plaintiff's implicit allegation that the "corruption" in the Cranston Police Department was going on in early 2005, when the events which form the basis of this Complaint occurred. While the Court must give Plaintiff the benefit of all reasonable inferences, Greater Providence MRI Ltd. P'Ship, 32 F.Supp.2d at 493, it is not reasonable to assume that because "a dozen warrants were either deliberately false or made in reckless disregard of the truth," (Motion to Show Timely at 3), in one case–not Plaintiff's–in September 2012 the same situation existed in February, 2005. Although conclusive knowledge is not necessary, mere suspicion of corruption in the Cranston Police Department in 2005 does not suffice to "show the statute of limitation of plaintiff Hector Lebron complaint began on September 4, 2012 ...." (Id.)

## CONCLUSION

Based on the foregoing, the Court concludes that Plaintiff's Complaint challenges the fact or duration of his confinement, not the conditions of his confinement. As such, it is not cognizable

---

[9] Although state law establishes the statute of limitations for Bivens claims, "the question of when a cause of action accrues in a civil rights case is a matter of federal law." Barrett, 462 F.3d at 38 (quoting Nieves v. McSweeney, 241 F.3d 46, 52 (1st Cir. 2001)).

under <u>Bivens</u> and § 1983 unless and until Plaintiff's conviction is successfully challenged. Moreover, the Complaint is time-barred and, in terms of his FTCA claim against the United States, it does not appear that Plaintiff exhausted his administrative remedies, a jurisdictional prerequisite. Accordingly, the Complaint is DISMISSED as to all Defendants. Plaintiff's Motion to Show Timely is also DENIED. Plaintiff's Application to proceed *in forma pauperis* and Motion for Service are DENIED as moot.

SO ORDERED:

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge

DATE: December 17, 2012